UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JESSE ANDERSON, On Behalf of Himself and All Others Similarly Situated, | § § § § | |
| Plaintiffs, | § § | No. _____ |
| v. | § § | |
| POWER DESIGN, INC., SEL ELECTRIC INC. and MARLON RAMIRES | § § § § | JURY TRIAL DEMANDED |
| Defendants. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Jesse Anderson (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated non-exempt employees to recover unpaid overtime wages from Defendants Power Design, Inc. ("Power Design"), SEL Electric, Inc. ("Sel") and Marlon Ramires ("Ramires") (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. Nature of Suit

1. Plaintiff's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency

and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

3. Defendants violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed." 29 U.S.C. § 207(a)(1).

4. Defendants violated the FLSA by failing to maintain accurate time and pay records for Plaintiffs and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5. Plaintiff brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated nonexempt employees to recover unpaid overtime wages.

## II. Jurisdiction & Venue

6. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because at least one defendant resides in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions

giving rise to Plaintiff's claims occurred in the Houston Division of the Southern District of Texas.

### III. Parties

8. Plaintiff is an individual who resides Harris County, Texas and who was employed by Defendants during the last three years.

9. Power Design, Inc. is a Florida corporation that may be served with process by serving its registered agent: National Corporate Research, Ltd. at 1601 Elm St., Suite 4360, Dallas, Texas 75201. Alternatively, if the registered agent of Power Design cannot with reasonable diligence be found at the company's registered office, Power Design may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10. SEL Electric, Inc. is a Texas corporation that may be served with process by serving its registered agent: Rigan N. Espinoza at 18205 Great Falls Dr., Manor, Texas 78653. Alternatively, if the registered agent of SEL Electric cannot with reasonable diligence be found at the company's registered office, SEL Electric may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

11. Defendant Marlon Ramires, is an individual who may be served with process at 18205 Great Falls Dr., Manor, Texas 78653 or wherever he may be found. Defendant Marlon Ramires, Individually may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed

at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

12. Whenever it is alleged that Defendants committed any act or omission, it is meant that their respective officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with Defendants' full authorization, ratification or approval or was done in the routine and normal course and scope of employment of Defendants' respective officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

13. Power Design is a national electrical contractor company; it does business in the territorial jurisdiction of this Court.

14. SEL Electric is a regional electrical contractor company; it does business in the territorial jurisdiction of this Court.

15. Power Design sub-contracted with SEL to provide electricians for the Hines Market Square Project, located on Travis Street in downtown Houston, Texas.

16. In connection with the construction of the project, SEL Electric and Power Design hired numerous employees, including Plaintiff, during the last three years.

17. SEL Electric primarily had an administrative role; for example, it maintained the employment records for and was in charge of paying Plaintiff and

the other nonexempt employees, and it was responsible for determining their rates of pay, method of payment, and kept track of the number of hours they worked.

18. Power Design, on the other hand, handled complaints from Plaintiff and the other similarly situated nonexempt employees about everything from pay to workplace safety to equipment to issues with coworkers, subordinates and supervisors.

19. Power Design was also responsible for supervising Plaintiff and the other nonexempt employees and for controlling their daily work schedules and other conditions of their employment.

20. For example, Power Design told Plaintiff and the other similarly situated nonexempt employees, on a daily basis, where they would be working, what they would be doing, and the individual(s) to whom they would be reporting.

21. Power Design also inspected Plaintiff's and the other similarly situated nonexempt employees' work, and it told them whether their work was satisfactory; if Power Design determined the work was unsatisfactory, the company told Plaintiff and the other nonexempt employees what they needed to do to improve it.

22. Additionally, Plaintiff and the other nonexempt employees were required to wear Power Design branded protective gear, including hard hats, protective glasses, and clothing.

23. During their employment with SEL Electric and Power Design, Plaintiff and the other nonexempt employees could not work for anyone else; they worked exclusively for SEL Electric and Power Design.

24. Both SEL Electric and Power Design could fire Plaintiff and the other nonexempt employees.

25. Defendants SEL Electric and Power Design are entities engaged in related activities, which provide services through a unified operation, with a common business purpose, under a common control and administration.

26. Defendants share employees, including Plaintiff and the other non-exempt employees.

27. Defendants share common management, centralized control of labor relations, common offices, and interrelated operations. Defendants SEL Electric and Power Design are an integrated enterprise.

28. Defendants SEL Electric and Power Design share employees or interchange employees, work in the direct interest of one another, and their employees are in the common control of both Defendants. Defendants SEL Electric and Power Design are joint employers.

29. During Plaintiff's and the other nonexempt employees' employment with SEL Electric and Power Design, they were engaged in commerce or the production of goods for commerce.

30. During Plaintiff's and the other nonexempt employees' employment with SEL Electric and Power Design, the companies had employees engaged in commerce or in the production of goods for commerce.

31. During Plaintiff's and the other nonexempt employees' employment with SEL Electric and Power Design, the companies each had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

32. During Plaintiff's and the other nonexempt employees' employment with SEL Electric and Power Design, the companies each had an annual gross volume of sales made or business done of at least $500,000.

33. SEL Electric and Power Design paid Plaintiff and the other nonexempt employees on an hourly basis.

34. During Plaintiff's and the other nonexempt employees' employment with SEL Electric and Power Design, they regularly worked in excess of forty hours per week.

35. SEL Electric and Power Design knew or reasonably should have known that Plaintiff and the other nonexempt employees worked in excess of forty hours per week.

36. SEL Electric and Power Design did not pay Plaintiff or the other nonexempt employees overtime "at a rate not less than one and one-half times the regular rate at which [they were] employed." 29 U.S.C. § 207(a)(1).

37. Instead, SEL Electric and Power Design paid Plaintiff and the other nonexempt employees at their normal hourly rate of pay.

38. SEL Electric and Power Design knew or reasonably should have known that Plaintiff and the other nonexempt employees were not exempt from the overtime provisions of the FLSA.

39. SEL Electric and Power Design failed to maintain accurate time and pay records for Plaintiff and the other nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

40. SEL Electric and Power Design knew or showed a reckless disregard for whether their pay practices violated the FLSA.

41. SEL Electric and Power Design are liable to Plaintiff and the other nonexempt employees for their unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

42. All non-exempt employees employed by SEL Electric and Power Design are similarly situated to Plaintiff because they (1) have similar job duties; (2) regularly work in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from SEL Electric and Power Design pursuant to 29 U.S.C. § 216(b).

## V. Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)

43. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

44. During Plaintiff's employment with SEL Electric and Power Design, he was a nonexempt employee.

45. As a nonexempt employee, SEL Electric and Power Design were legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [he was] employed" for the hours that he worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

46. SEL Electric and Power Design did not pay Plaintiff overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed." 29 U.S.C. § 207(a)(1).

47. Instead, SEL Electric and Power Design paid Plaintiff at his normal hourly rate of pay.

48. If SEL Electric and Power Design classified Plaintiff as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the companies' noncompliance with the overtime requirements of the FLSA.

49. SEL Electric and Power Design knew or showed a reckless disregard for whether their pay practices violated the overtime requirements of the FLSA. In other words, SEL Electric and Power Design willfully violated the overtime requirements of the FLSA.

## VI. Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

50. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

51. The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees. 29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

52. In addition to the pay violations of the FLSA described above, SEL Electric and Power Design also failed to keep proper time and pay records as required by the FLSA.

## VII. Count Three—Collective Action Allegations

53. Plaintiff adopts by reference all of the facts set forth above. *See*, FED. R. CIV. P. 10(c).

54. On information and belief, other employees have been victimized by SEL Electric's and Power Design's violations of the FLSA identified above.

55. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

56. SEL Electric's and Power Design's policies or practices of failing to pay overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

57. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

58. All nonexempt employees of SEL Electric and Power Design, regardless of their rates of pay, who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All nonexempt employees employed by SEL Electric and Power Design during the last three years who were not paid overtime and who were misclassified as independent contractors.

59. SEL Electric and Power Design are liable to Plaintiff and the other nonexempt employees for the difference between what it actually paid them and what it was legally obligated to pay them.

60. Because SEL Electric and Power Design knew and/or showed a reckless disregard for whether their pay practices violated the FLSA, the companies owe Plaintiff and the other nonexempt employees their unpaid overtime wages for at least the last three years.

61. SEL Electric and Power Design are liable to Plaintiff and the other nonexempt employees in an amount equal to their unpaid overtime wages as liquidated damages.

62. SEL Electric and Power Design are liable to Plaintiff and the other nonexempt employees for their reasonable attorneys' fees and costs.

63. Plaintiff has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

64. Plaintiff demands a trial by jury.

## IX.  Prayer

65. Plaintiff prays for the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b. judgment awarding Plaintiff and the other nonexempt employees all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. prejudgment interest at the applicable rate;

   d. postjudgment interest at the applicable rate;

   e. incentive awards for any class representative(s); and

   f. all such other and further relief to which Plaintiff and the other nonexempt employees may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____*/s/ Melissa Moore*_____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**